UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: The Springfield Wire, Inc. Employees' Pension Plan ) ) | |
| PENSION BENEFIT GUARANTY CORPORATION, ) ) ) | Civil Action No. |
| ) | Complaint |
| Plaintiff, ) ) | |
| ) | Filing Date: December 20, 2012 |
| v. ) ) | |
| Springfield Wire, Inc. ) | |
| as administrator of the Springfield Wire, Inc. ) | |
| Employees' Pension Plan ) | |
| 100 Moody Street ) | |
| Ludlow, Massachusetts 01056, ) ) | |
| Defendant. ) | |

## COMPLAINT FOR PENSION PLAN TERMINATION

This action arises under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), *as amended*, 29 U.S.C. §§ 1301-1461 (2006 & Supp. V 2011).  Plaintiff, the Pension Benefit Guaranty Corporation ("PBGC"), files this Complaint, pursuant to 29 U.S.C. §§ 1342(a)(2) and (4), 1342(c) and 1348(a), seeking an order (a) terminating the Springfield Wire, Inc. Employees' Pension Plan ( the "Pension Plan"), (b) appointing PBGC statutory trustee of the Pension Plan, (c) establishing December 20, 2012, as the termination date for the Pension Plan, and (d) directing the defendant and any other person or entity having possession, custody or control of any records, assets or other property of the Pension Plan, to transfer, convey and deliver all such records, assets and property to the PBGC, as the statutory trustee upon request under 29 U.S.C. § 1342(d)(1).

## JURISDICTION AND VENUE

1. This Court has exclusive jurisdiction of this action pursuant to 29 U.S.C. §§ 1303(e)(3) and 1342(e) and (f).

2. Venue lies in this Court under 29 U.S.C. §§ 1303(e)(2) and 1342(g).

## PARTIES

3. Plaintiff, PBGC, is a wholly owned United States government corporation established under 29 U.S.C. § 1302(a) to administer the pension plan termination insurance program created by Title IV of ERISA. When an underfunded pension plan terminates, PBGC ensures the timely and uninterrupted payment of statutorily guaranteed pension benefits to plan participants and their beneficiaries. 29 U.S.C. §§ 1302(a)(2), 1321, 1322.

4. Defendant, Springfield Wire, Inc. ("Springfield Wire"), is the Plan administrator of the Pension Plan within the meaning of 29 U.S.C. §§ 1301(a)(1) and 1002(16)(A). On information and belief, the Defendant is located in Ludlow, Massachusetts and the Pension Plan is administered there.

## THE PENSION PLAN

5. The Pension Plan is tax-qualified, single-employer, defined benefit pension plan that is covered by Title IV of ERISA. 29 U.S.C. § 1321(a).

6. The Pension Plan provides pension benefits to certain present and former employees of Springfield Wire and to their beneficiaries. On information and belief, the Pension Plan has approximately 492 participants, and PBGC estimates that the Pension Plan is underfunded by approximately $7.6 million on a termination basis.

7. Springfield Wire is the contributing sponsor of the Pension Plan within the meaning of 29 U.S.C. § 1301(a)(13).

**CAUSE OF ACTION**

8. On information and belief, Springfield Wire intends to sell its U.S. and Mexican assets to a third party purchaser on December 27, 2012. The Company expects to sell its remaining China-based operation in early 2013. After the asset sale, Springfield Wire will sponsor and administer the Pension Plan as a shell corporation without assets, operations or employees. The asset purchaser will not assume Springfield Wire's liabilities for pension benefits under the Pension Plan.

9. PBGC is authorized by 29 U.S.C. § 1342 to commence proceedings to terminate a plan whenever PBGC determines, *inter alia*, that a plan will be unable to pay benefits when due, 29 U.S.C. § 1342(a)(2), and that the possible long-run loss of PBGC with respect to the plan may reasonably be expected to increase unreasonably if the plan is not terminated. 29 U.S.C. § 1342(a)(4).

10. PBGC has determined, pursuant to 29 U.S.C. § 1342(a)(2) and (a)(4), that the Pension Plan will be unable to pay benefits when due, and that the possible long-run loss of PBGC with respect to the Pension Plan may reasonably be expected to increase unreasonably if the Pension Plan is not terminated. PBGC also has determined that the Pension Plan's termination date should be December 20, 2012.

11. On December 20, 2012, in accordance with 29 U.S.C. § 1342(c), PBGC issued a Notice of Determination (the "Notice") to Springfield Wire, as plan administrator of the Pension Plan, notifying Springfield Wire that PBGC had determined that the Pension Plan does not have assets to pay benefits which are currently due and that the possible long-run loss of PBGC with respect to the Pension Plan may reasonably be expected to increase unreasonably if the Pension Plan is not terminated. A copy of the Notice is attached hereto as Exhibit 1.

12.     PBGC also has caused a notice to be published in a local newspaper on December 20, 2012, advising the Pension Plan's participants of PBGC's determination both to terminate the Pension Plan and to have December 20, 2012, established as the Pension Plan's termination date. That notice was published in *The Republican*.

13.     Pursuant to 29 U.S.C. § 1342(c), a district court may order the termination of a pension plan if necessary to protect the interests of participants, to avoid any unreasonable deterioration of the financial condition of the plan, or to avoid any unreasonable increase in liability to the PBGC insurance fund.

14.     PBGC has determined that termination of the Pension Plan is necessary to protect the interests of participants and to avoid any unreasonable increase in liability to the PBGC insurance fund.

15.     Pursuant to 29 U.S.C. § 1348(a)(4), a district court establishes the date of termination of a pension plan covered by Title IV when PBGC and the plan administrator have not agreed on a date of termination.

16.     As of the filing of this Complaint, PBGC and the Pension Plan administrator have not agreed on a date of plan termination.

17.     December 20, 2012, should be established as the date of the Pension Plan's termination pursuant to 29 U.S.C. § 1348(a)(4), because as of that date, the Pension Plan's participants received constructive notice of the Pension Plan termination, and they no longer had any justifiable expectations of the Pension Plan's continuation.  Establishment of that date furthers the interests of PBGC by preventing PBGC's long-run loss from increasing unreasonably, thus preventing an unreasonable increase in the liability of the PBGC insurance fund.

18. Pursuant to 29 U.S.C. § 1342(c), a trustee for a pension plan shall be appointed by the court upon granting a decree of plan termination. Further, 29 U.S.C. § 1342(c) provides that PBGC may request that it be appointed as trustee of a plan in any case.

19. The PBGC is ready, willing, and able to serve as statutory trustee of the Pension Plan.

**REQUEST FOR RELIEF**

WHEREFORE, PBGC respectfully requests that this Court grant judgment for PBGC and issue an order granting the following relief:

1. Adjudicating the Pension Plan terminated pursuant to 29 U.S.C. § 1342(c);

2. Appointing PBGC statutory trustee of the Pension Plan pursuant to 29 U.S.C. § 1342(c);

3. Establishing December 20, 2012, as the termination date of the Pension Plan pursuant to 29 U.S.C. § 1348(a)(4);

4. Directing Springfield Wire and any other person or entity having possession, custody or control of any records, assets or other property of the Pension Plan, to transfer, convey and deliver all such records, assets, and property to PBGC as statutory trustee upon request under 29 U.S.C. § 1342(d)(1); and

5. Granting such other relief as the Court deems just and proper.

Dated: Washington, D.C.  
December 20, 2012

Respectfully submitted,

/s/ Shari D. Williams
ISRAEL GOLDOWITZ
Chief Counsel
KAREN L. MORRIS
Deputy Chief Counsel
JAMES L. EGGEMAN
Assistant Chief Counsel
SHARI D. WILLIAMS
Attorney

PENSION BENEFIT GUARANTY
CORPORATION
Office of the Chief Counsel
1200 K Street, N.W.
Washington, D.C. 20005-4026
Phone: (202) 326-4020, ext. 6845
Fax: (202) 326-4112
E-mail: williams.shari@pbgc.gov &
efile@pbgc.gov